UNITED STATES DISTRICT COURT OF SOUTH FLORIDA

FILED by ZB D.C.

MAY 2 5 2016

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

ERIC FERRIER,

Plaintiff,

-V-

JAMES V ATRIA,

Defendant,

Civil Action No.:

**16-CV-61125-ALTONAGA/O'SULLIVAN**

JURY DEMAND

## DENOVO COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Pro-Se, for his complaint against Defendant, alleges:

### NATURE OF THE ACTION

1. Plaintiff Eric Ferrier provides software consulting custom programming solutions for small to mid-size business as an independent contractor. As such, Eric Ferrier owns intellectual rights. Pursuant to a development agreement between the parties, JIM ATRIA BUILDER INC, a Florida corporation retained Eric Ferrier to build a workable construction takeoff estimating software that can be used to calculate anything to get an estimate together including labor cost, gallon of paint, concrete block, insulations, gravel , square footage, volume, perimeter, of complex and simple areas. Defendant James Atria Inc cut off negations and was resolved to escape financial obligations to the Plaintiff after been summoned for breach of contract.

2. Defendant illegally used the work to generate estimates to customers and promote their entrepreneurial services.

3. Defendant illegally continued to promote the software as a ATRIA MANAGEMENT INC software. A copyright and patent registration web disclaimer is attached as Exhibit "A".

4. Defendant has intentionally disguised properties and rights with the intent to defraud, hinder, or delay the Plaintiff ability to collect on the debt. Collection notice is attached as Exhibit "B". Judgment and Order for Sanctions is attached as Exhibit "C".

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

6. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

7. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), and the acts of infringement complained of herein occurred in this District.

## PARTIES

8. ERIC FERRIER is an individual duly organized as sole-proprietorship and existing under the laws of the State of Florida.

9. JAMES V ATRIA is not an infant, incompetent, or in the military service of the United States. He has been Directors and Officers of multiple corporations including a Bank that was resolved by Court Order. He is the current Director Officer of ATRIA MANAGEMENT SERVICES INC. a Florida for Profit Corporation. A true copy to the entities resolved in the State of Florida and annual report are attached hereto as Exhibit "G"

10. Plaintiff is informed and believes that Defendant, James V Atria last Florida known address were 61 Hendrick Isle, Fort Lauderdale FL 33301 and 231 NW 131st Avenue Plantation, FL 3325 and may be "snowboarding" to either New Jersey, Brunswick, 27 Tiger Dr Califon NJ 07830 or 3538 Roaring Creek Rd. NewLand, NC 28757

## GENERAL ALLEGATIONS

11. Plaintiff is an independent software contractor who caters his services normally as a 1099 contractor to mid-size to small companies. Development includes custom NET solution and database programming and administration.

12. In 2005 and 2006 Plaintiff worked and authorship a takeoff in estimating software using Microsoft and Janus System components technology for JIM ATRIA INC, a Florida resolved corporation, a alter-ego of JAMES ATRIA, President who also go by the name of Jim Atria. The contract was breached by James Atria who fell short to the draw schedule proposed by the contractor Plaintiff. James Atria became unavailable in business travel in the State of New York and New Jersey where he owns properties and interests.

13. According to Janus System a copyright may be claimed by the developer(s). A true and correct copy of Certificate of Registration, TXu 1-924-943, is attached hereto as Exhibit "D" and is incorporated by this reference. The registered work includes the source code and interface screen shots and video compilation of the workable release.

14. JIM ATRIA BUILDER INC was resolved upon being served Motion for Summary Judgment in Broward County Florida Court for breach of contract.

15. Plaintiff alleged in the lower court that JIM ATRIA BUILDER INC was simply an alter-ego, the software deliverables were accepted. A Quantum Meruit claim was filed against the Director Officer, a DEFAULT judgment and ORDER for SANCTIONS and fees was entered in 2010 and 2011. A true copy and correct copy of ORDERS is attached as Exhibit "C".

16. Motion(s) to Vacate Default Judgment and Sanctions was filed by James Atria legal Counsel and Garnishee Banker WELLS FARGO BANK. Defendants have not obtained a ORDER TO VACATE DEFAULT AND SANCTIONS. A true copy of Motion is attached as Exhibit "E".

17. Broward County Court of Florida appearing extremely bias and prejudicial eventually dismissed the case and further ignored the appeal simply due to the fact there was no ORDER to VACATE Sanctions and Default orders.

18. It is been found that a copyright and patent had been filed by JAMES ATRIA, President of JIM ATRIA INC and promote by a new entity ATRIA MANAGEMENT SERVICES INC. A true and correct copy of ATRIA MANAGEMENT SERV ICES INC web pages and annual report are attached as Exhibit "A".

19. The software is a workable solution with features very similar to PlANSWIFT acquired in 2013 by TEXTURA Corporation as "the fastest-growing digital takeoff and estimating solution for the construction industry." By defrauding the Plaintiff, the Defendant not only escaped financial obligations but also acquired and legitimized rights to property and trade secret they were not entitled to.

### FIRST CAUSE OF ACTION
### (COPYRIGHT INFRINGEMENT 17 U.S.C. 101, SEQ.)

20. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

21. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Software and to distribute the Copyrighted Software to the public. Exhibit "H" attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Software").

22. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

23. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiff further is entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505. 4

24. Plaintiff is informed and believe that Defendant James Atria, without the permission of consent of the Plaintiff, has used, and continues to use, under corporation Alter-Ego entities to distribute Copyrighted Materials to the public, and/or to make the Copyrighted materials available for distribution to others including direct family member going under the same name of James Atria.

25. Among the many aspects of the Estimate Builder software copied, by the Defendant James Atria, on ATRIA MANAGEMENT INC was the actual window interfaces below to manage job and stored expression to generate estimates.



26. Among the many aspects of the Estimate Builder software copied, by the Defendant James Atria, on ATRIA MANAGEMENT INC web site was the actual window interfaces store material cost and project specific quantity to generate estimates.



27. Many user interface elements if not all were copied identically from the infringed software

28. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies made in violation of Plaintiff's exclusive rights.

# SECOND CAUSE OF ACTION
## (UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN 115 U.S.C. 1125(A))

29. Plaintiff refers to and incorporates paragraphs 1 to 20 above as though fully set forth herein.

30. James Atria operates services under the name of ATRIA MANAGEMENT INC and NJ SERVICES LLC. The internet constitutes a virtual market place that spans the globe. James Atria has worked to promote copyrighted software. A copy of a ATRIA MANAGEMENT INC web, http://atriams.com is found below,



31. James Atria' violation is likely to cause confusion, mistake, or deception among customers in violation of the Lanham Act. ("Lanham Act"), Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damages in an amount exceeding $50,000.00 and as proven at trial.

32. Plaintiff is entitled to a permanent injunction restraining James Atria, Attorneys, agents, employees, representatives and all persons acting in concert with them from engaging in the conduct described herein that violates the Lanham Act.

33. Plaintiff is further entitled to recover from James Atria the gains, profits, and advantages obtained as a result of their violation of the Lanham Act. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages James Atria have obtained by reason of their acts of copyright infringement.

### THIRD CAUSE OF ACTION

### (FRAUD AND FRADULENT TRANSFER 11 U.S.C. 548, SEQ.))

34. Plaintiff refers to and incorporates paragraphs 1 to 20 above as though fully set forth herein.

35. Defendant has ignored demand for payment and offer of settlement. A true copy and correct copy of Collection letter is attached as Exhibit "B". A true copy and correct copy of settlement letters is attached as Exhibit "F".

36. JAMES V ATRIA has transferred software to other with the intent to defraud, hinder and delay Plaintiff ability to collect on a debt.

37. JAMES V ATRIA has transferred assets including bank account to TRUST entity that he maintains control over the funds with intent to defraud the Plaintiff.

38. JAMES V ATRIA has transferred concealed and registered assets out of State to avoid levy and recovery of judgments including vehicled. A true copy and correct copy vehicles registration is attached as Exhibit "H".

39. JAMES V ATRIA residence of record located at HENDRICKS Island is occupied and the principal residence of JAMES ATRIA junior and JAMES V ATRIA current address is unknown.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request the following relief:

1. For an injunction providing: "Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiff including without limitation by using the Internet or any online media distribution system or to make any of Plaintiff's Software available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Software and interfaces print out(s).

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiff costs in this action.

4. For Plaintiff reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

By: _____

Eric Ferrier  Pro Se
178 Columbus Ave
~~237002~~
New York NY 10023
Ph: 646 450 2923